IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-84-BO

| | | |
|---|---|---|
| SYLVIA BATTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 22, 2013, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on June 1, 2009, alleging disability since July 11, 2007; her alleged onset date was later amended to May 1, 2009. Plaintiff's claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, the ALJ found that plaintiff was not disabled in a decision issued on December 6, 2010. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the

Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

After finding that plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: major depressive disorder, asthma, obesity, chronic

2

diffuse pain syndrome, chronic low back pain secondary to lumbar disc disease, headaches, and a history of congenital Chiari-I malformation and surgery at C1 level. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work with non-exertional limitations. At step four, the ALJ found that plaintiff could perform her past relevant work, and found in the alternative at step five that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Substantial evidence does not support the ALJ's determination that plaintiff did not satisfy her burden to show that she meets a listing at step three. A claimant may be found disabled on medical grounds alone when she has a "condition [that] meets the specific criteria in the Listing of Impairments (the listing) or is the equivalent of a listed impairment." SSR 83-19. In order to show that she meets a listing, a claimant must show that she meets all of the specified medical criteria of that Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Listing 1.04 deals with disorders of the spine resulting in compromise of a nerve root or the spinal cord. Though the ALJ found summarily that the record does not show that plaintiff meets Listing 1.04, plaintiff contends that she meets Listing 1.04A, which requires in addition to the above:

> evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpt. P, Appendix I § 1.04. In 2007, plaintiff was diagnosed with lumbar degenerative disc disease and lumbar spondylosis. Tr. 265. Plaintiff was also diagnosed in 2007

3

with cervical spondylosis. Tr. 263. An MRI revealed that plaintiff had a small herniated nucleus pulposus touching the ventral aspect of her spinal cord. Tr. 275. *See* 20 C.F.R. Part 404 Subpart P Appx 1 (Listings) § 1.00(K);(K)(1) (impingement on nerve tissue under Listing 1.04 may result from a herniated nucleus pulposus, a disorder "frequently associated with the impingement of a nerve root"). Plaintiff has satisfied the first step of meeting Listing 1.04.

The record further reveals evidence of nerve root compression characterized by neuro-anatomic distribution of pain, including radiculopathy and pain traveling from her back to her arms and legs (Tr. 250; 285; 325; 468; 509), a decrease in range of motion of the spine (Tr. 251; 465; 467; 500), muscle weakness or motor loss accompanied by sensory or reflex loss, including an antalgic gait and diminished sensation in her foot (Tr. 263; 326-27; 342 435; 502; 509), and positive straight-leg raising tests (Tr. 343; 467). In light of the record evidence, the Court finds that plaintiff meets Listing 1.04A and that the ALJ's decision to the contrary is not supported by substantial evidence. As the Court has found that plaintiff has met a listing, it declines to consider plaintiff's other arguments.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

As plaintiff has demonstrated that she has met Listing 1.04A, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby REVERSED.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this _15_ day of February, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE